UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DANNY SALGADO, | Case No. SACV 08-01146 VAP (AN) |
| Petitioner, | **ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |
| v. | |
| JIMMY WALKER, WARDEN, | |
| Respondent. | |

### I. BACKGROUND

Before the Court is a petition for a writ of habeas corpus ("Petition") brought by Danny Salgado ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and it raises one claim directed at Petitioner's 2002 sentence of 30 years that he sustained following a guilty plea in the Orange County Superior Court (No. 01CF2243). (Pet. 2, Ex. 5.) For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

///

///

## II. DISCUSSION

**A.     Standard of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

**B.     Statute of Limitations**

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *See Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The face of the Petition, accompanying Memorandum of Points and Authorities,

exhibits, and relevant state court records[1/] show Petitioner sustained his underlying conviction and sentence on July 1, 2002. (Pet. 2.) Petitioner did not seek a direct appeal in either the California Court of Appeal or the California Supreme Court. Therefore, for purposes of AEDPA's limitation period, his judgment became final on August 30, 2002, which is the sixtieth day after the time for Petitioner to file a Notice of Appeal with the California Supreme Court expired. Cal. R. Ct. 8.308(a) ("a notice of appeal must be filed within 60 days after the rendition of the judgment or the making of the order being appealed"); *Lewis v. Mitchell*, 173 F. Supp. 2d 1057, 1060 (C.D. Cal. 2001) (where the petitioner did not appeal her conviction to the California Court of Appeal, the conviction became final sixty days after she was sentenced). The limitation period then started to run the next day, August 31, 2002, and ended a year later on August 30, 2003. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

Petitioner missed the deadline because he did not constructively file the pending Petition until October 6, 2008[2/] -- 1,864 days (over five years) after the statute expired. Therefore, the pending Petition is time-barred unless Petitioner is entitled to statutory

---

[1/] The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2/] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The pending Petition was filed by the Clerk on October 15, 2008, however, for purpose of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on October 6, 2008, the date he signed it. (Pet. 8.)

1  or equitable tolling, or an alternate start date to AEDPA's statute of limitations period
2  under 28 U.S.C. § 2244(d)(1).

3  **C.   Statutory Tolling**

4  AEDPA provides a statutory tolling provision that suspends the limitation period
5  for the time during which a "properly-filed" application for post-conviction or other
6  collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Bonner v. Carey*,
7  425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved
8  final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536
9  U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitation period is not tolled between the
10 time a final decision is issued on direct state appeal and the time a state collateral
11 challenge is filed because there is no case "pending" during that interval. *Thorson v.*
12 *Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th
13 Cir. 1999).

14 Further, to qualify for statutory tolling during the time the petitioner is pursuing
15 collateral review in the state courts, his *first* state habeas petition must be
16 constructively filed *before*, not after, the expiration of AEDPA's one-year limitation
17 period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254
18 does not permit the reinitiation of the limitation period that has ended before the state
19 petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that
20 filing of state petition after AEDPA's one-year time period has elapsed bars federal
21 habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A
22 state-court petition [] that is filed following the expiration of the limitations period
23 cannot toll that period because there is no period remaining to be tolled"); *Green v.*
24 *White*, 223 F.3d 1001, 1003 (9th Cir. 2001).

25 Petitioner did not file his first state habeas petition with the Orange County
26 Superior Court until August 29, 2007, 1,460 days after the expiration of the limitation
27 period. (Pet. 4, Ex. 1.) Consequently, Petitioner is not entitled to statutory tolling for
28 any of his state habeas petitions because they were all filed long after the limitation

Page 4

period expired.[3] *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (a state application for post-conviction relief does not revive the one-year limitation period if it has already expired); *see also Jimenez*, 276 F.3d at 482; *Webster*, 199 F.3d at 1259; *Green*, 223 F.3d at 1003. Therefore, the face of the Petition, Memorandum, exhibits, and state court records establish that this Petition, constructively filed on October 6, 2008, is untimely by 1,864 days (the amount of untolled time between the limitation deadline (08/30/03) and the Petition's constructive filing date (10/06/08)).

**D.  Alternative Start of the Statute of Limitations**

**1.  State-Created Impediment**

In rare instances, AEDPA provides that its one-year limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The face of the Petition, Memorandum, and exhibits do not set forth any facts showing that Petitioner is entitled to relief under this provision.

**2.  Newly Recognized Constitutional Right**

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C).

Petitioner's sole sentencing error claim in his Petition and attached

---

[3]  *See also In re Danny Salgado*, G039428, Cal. App. Ct., 4th Dist./Div. 3 (filed Sept. 22, 2007, denied Oct. 25, 2007); *In re Danny Salgado on Habeas Corpus*, No. S158101, Cal. Supreme Ct. (filed Nov. 13, 2007, denied May 14, 2008). (Pet. 4-5, Exs. 2-3.)

Page 5

1  Memorandum is premised on the United States Supreme Court decision in
2  *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 868 (2007). (Pet. 5; Memo.
3  1-5[4].) Specifically, Petitioner principally argues that in light of *Cunningham*, which
4  invalidated California's Determinate Sentencing Law ("DSL"), the trial court's
5  imposition of the upper and consecutive terms sentence based upon aggravating factors
6  that were neither found by the jury nor admitted by Petitioner violated his Sixth
7  Amendment rights to a jury trial and to be found guilty by proof beyond a reasonable
8  doubt as construed by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000)
9  and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). (*Id.*)

Petitioner's reliance on *Cunningham* is misplaced. Recently, the Ninth Circuit found that *Cunningham* "did not announce a new rule of constitutional law." *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008); *see also Wright v. Dexter*, --- F.3d ---, No. 08-73272, 2008 WL 4558410, at, *1 (9th Cir. Oct. 14, 2008). More specifically, *Cunningham* "simply applied the rule of *Blakely*" to California's DSL and its result was dictated by *Apprendi* and *Blakely*. *Butler*, 528 F.3d at 634-39. Consequently, Petitioner is not entitled to relief under this provision.

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition, Memorandum, and exhibits do not set forth any facts showing that Petitioner is entitled to relief based upon a late discovery of the factual predicate.

///

---

[4] Petitioner failed to consecutively number each page of the Memorandum in the manner required by Local Rule 11-3.3 and 11.5.2. Consequently, for ease of reference, the Court has consecutively numbered each page of the Memorandum.

**E.     Equitable Tolling**

"[E]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). The face of the Petition, Memorandum, and exhibits do not set forth any facts showing that Petitioner is entitled to relief under this provision.

# O R D E R

Based upon the foregoing, the Court finds the Petition, attached Memorandum, exhibits, and relevant state court records indicate it is untimely. Accordingly, Petitioner shall have until **November 10, 2008**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time that access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

///

1 | **Petitioner is warned that if a timely response to this Order is not made,**
2 | **Petitioner will waive his right to do so and the Court will, without further notice,**
3 | **issue an order dismissing the Petition, with prejudice, as time-barred. Further,**
4 | **if Petitioner determines the Court's above analysis is correct and the Petition is**
5 | **clearly time-barred, he should file a Request For Voluntary Dismissal of this**
6 | **action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

8 | IT IS SO ORDERED.

10 | DATED: October 20, 2008                    /s/ Arthur Nakazato
11 |                                                          ARTHUR NAKAZATO
     |                                                UNITED STATES MAGISTRATE JUDGE