"O"

FILED
CLERK, U.S. DISTRICT COURT

DEC 10 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10                              SOUTHERN DIVISION

11

12   DANNY SALGADO,                    )   Case No. SACV 08-01146 VAP (AN)
                                        )
13              Petitioner,            )   **MEMORANDUM AND ORDER**
                                        )   **DISMISSING HABEAS PETITION**
14        v.                           )   **AS TIME-BARRED**
                                        )
15   JIMMY WALKER, WARDEN,             )
                                        )
16              Respondent.            )
                                        )
17   _____ )

18

19        Before the Court is a petition for a writ of habeas corpus ("Petition") brought

20   pursuant to 28 U.S.C. § 2254 by Danny Salgado ("Petitioner"), a state prisoner

21   proceeding *pro se*.  For the reasons discussed below, the Petition is dismissed with

22   prejudice because the Court finds it is time-barred.

23   ///

24   ///

25   ///

26

27

28

# I. BACKGROUND

The Petition raises one claim for relief directed at Petitioner's underlying 2002 sentence of 30 years that he sustained following a guilty plea in the Orange County Superior Court (No. 01CF2243). (Pet. 2, Ex. 5.)

The Petition, accompanying Memorandum of Points and Authorities ("Memorandum"), exhibits, and relevant state court records[1] show Petitioner did not seek direct appeal in either the California Court of Appeal or the California Supreme Court. On collateral review, Petitioner filed habeas petitions in the state trial court and both state appellate courts that were summarily denied. (Pet. 4-5, Exs. 1-3; Nos. M11454XA, G039428; S158101.)

On October 6, 2008, Petitioner constructively filed the pending Petition.[2] (Pet. 8.) Pursuant to the Court's duty to screen § 2254 petitions, the Magistrate Judge found the Petition, Memorandum, exhibits, and relevant state court records plainly disclosed that this action was barred by the one-year statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. §2244(d)(1)(A). Accordingly, on October 20, 2008, the Magistrate Judge issued an order to show cause that notified Petitioner the action appeared to be time-barred absent some other basis

---

[1]    The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2]    Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The pending Petition was filed by the Clerk on October 15, 2008, however, for purpose of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on October 6, 2008, the date he signed it. (Pet. 8.)

1  for tolling or an alternative start to AEDPA's one-year limitation period under 28
2  U.S.C. § 2244(d)(1)(B)-(D).  (*See* Oct. 20, 2008, Order to Show Cause Re Dismissal
3  of Habeas Petition As Time-barred ("OSC")).  The OSC discussed various bases for
4  tolling and directed Petitioner to show cause why the action was not time-barred by
5  filing a written response no later than November 10, 2008.  (OSC 2-8.)  The OSC
6  warned Petitioner that his failure to file a timely response to the OSC would result in
7  a waiver of his right to respond to the OSC, and that his Petition would be dismissed
8  with prejudice as time-barred without further notice.  (OSC 8:1-6.)

9      On November 7, 2008, Petitioner constructively filed his response to the OSC
10 ("OSC Response").  The matter now stands submitted.

11

12                          **II.  DISCUSSION**

13 **A.    Standard of Review**

14      Rule 4 of the Rules Governing Section 2254 Cases in the United States District
15 Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is
16 assigned" is required to examine the petition promptly and "[i]f it plainly appears from
17 the face of the petition and any exhibits annexed to it that the petitioner is not entitled
18 to relief in the district court, the judge shall make an order for its summary dismissal
19 and cause the petitioner to be notified."  Local Rule 72-3.2 of this Court also provides
20 "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus,
21 and if it plainly appears from the face of the petition and any exhibits annexed to it
22 that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed
23 order for summary dismissal and submit it and a proposed judgment to the District
24 Judge."  C.D. Cal. R. 72-3.2.  Further, an untimely habeas petition may be dismissed
25 *sua sponte*, however, the district court must give the petitioner adequate notice and an
26 opportunity to respond before doing so.  *Day v. McDonough*, 547 U.S. 198, 209-10,
27 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

28

Page 3

1    **B.    Statute of Limitations**

2          The Petition is governed by AEDPA, which establishes a one-year statute of

3    limitations for state prisoners to file a habeas petition in federal court, because the

4    Petition was filed after April 24, 1996, AEDPA's enactment date.  28 U.S.C. §

5    2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997).  In

6    most cases, the limitation period begins to run from "the date on which the judgment

7    became final by conclusion of direct review or the expiration of the time for seeking

8    such review."  28 U.S.C. § 2244(d)(1)(A).

9          As discussed above, Petitioner did not seek a direct appeal of his conviction or

10   sentence in either of the state appellate courts.  Therefore, for purposes of AEDPA's

11   limitation period, his judgment became final on August 30, 2002, which is the sixtieth

12   day after the time for Petitioner to file a Notice of Appeal with the California Supreme

13   Court expired.  Cal. R. Ct. 8.308(a) ("a notice of appeal must be filed within 60 days

14   after the rendition of the judgment or the making of the order being appealed"); *Lewis*

15   *v. Mitchell*, 173 F. Supp. 2d 1057, 1060 (C.D. Cal. 2001) (where the petitioner did not

16   appeal her conviction to the California Court of Appeal, the conviction became final

17   sixty days after she was sentenced).  The limitation period then started to run the next

18   day, August 31, 2002, and ended a year later on August 30, 2003.  28 U.S.C. §

19   2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001)

20   (the limitations period begins to run on the day after the triggering event pursuant to

21   Fed. R. Civ. P. 6(a)).

22         Petitioner missed the deadline because he did not constructively file the pending

23   Petition until October 6, 2008 -- 1,864 days (over five years) after the statute expired.

24   Therefore, the pending Petition is time-barred unless Petitioner is entitled to statutory

25   or equitable tolling, or an alternate start date to AEDPA's statute of limitations period

26   under 28 U.S.C. § 2244(d)(1).

27   ///

28   ///

1  **C.    Statutory Tolling**

2        AEDPA provides a statutory tolling provision that suspends the limitation

3  period for the time during which a "properly-filed" application for post-conviction or

4  other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Bonner v.*

5  *Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has

6  achieved final resolution through the state's post-conviction procedures. *Carey v.*

7  *Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitation period is not tolled

8  between the time a final decision is issued on direct state appeal and the time a state

9  collateral challenge is filed because there is no case "pending" during that interval.

10 *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003,

11 1006 (9th Cir. 1999).

12       Further, to qualify for statutory tolling during the time the petitioner is pursuing

13 collateral review in the state courts, his *first* state habeas petition must be

14 constructively filed *before*, not after, the expiration of AEDPA's one-year limitation

15 period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254

16 does not permit the reinitiation of the limitation period that has ended before the state

17 petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that

18 filing of state petition after AEDPA's one-year time period has elapsed bars federal

19 habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A

20 state-court petition [] that is filed following the expiration of the limitations period

21 cannot toll that period because there is no period remaining to be tolled"); *Green v.*

22 *White*, 223 F.3d 1001, 1003 (9th Cir. 2001).

23       Petitioner did not file his first state habeas petition with the Orange County

24 Superior Court until August 29, 2007, 1,460 days after the expiration of the limitation

25 period. (Pet. 4, Ex. 1.) Consequently, Petitioner is not entitled to statutory tolling for

26 any of his state habeas petitions because they were all filed long after the limitation

27

28

1  period expired.[3]  *See Ferguson*, 321 F.3d at 823; *Jiminez*, 276 F.3d at 482; *Webster*,

2  199 F.3d at 1259; *Green*, 223 F.3d at 1003; *Moore v. Crosby*, 321 F.3d 1377, 1381

3  (11th Cir. 2003) (a state application for post-conviction relief does not revive the one-

4  year limitation period if it has already expired). Therefore, the Petition, Memorandum,

5  exhibits, and state court records establish that this Petition, constructively filed on

6  October 6, 2008, is untimely by 1,864 days (the amount of untolled time between the

7  limitation deadline (08/30/03) and the Petition's constructive filing date (10/06/08)).

8  **D.      Alternative Start of the Statute of Limitations**

9  **       1.      State-Created Impediment**

10  In rare instances, AEDPA provides that its one-year limitation period shall run

11  from "the date on which the impediment to filing an application created by State action

12  in violation of the Constitution or laws of the United States is removed, if the

13  applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).

14  Asserting that the statute of limitations was delayed by a state-created impediment

15  requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th

16  Cir. 2002).

17  In his OSC Response, Petitioner principally argues "during the period prior to

18  sentencing" and "from the onset of Petitioner's incarceration in the Orange County

19  Jail, where there was no Inmate Law Library for Petitioner to use . . . this state created

20  impediment was a clear denial of Petitioner's due process rights." (OSC Resp. 6:17-

21  7:10.) Petitioner's contentions lack merit.

22  At the outset, even assuming the truth of Petitioner's assertions, this argument

23  is plainly meritless because AEDPA's statute of limitations has no bearing *during* the

24  time Petitioner is seeking direct review of his judgment of conviction and sentence but

25  _____

26  [3]      *See In re Danny Salgado*, G039428, Cal. App. Ct., 4th Dist./Div. 3 (filed

27  Sept. 22, 2007, denied Oct. 25, 2007); *In re Danny Salgado on Habeas Corpus*, No. S158101, Cal. Supreme Ct. (filed Nov. 13, 2007, denied May 14, 2008).  (Pet. 4-5,

28  Exs. 2-3.)

1    instead, only applies *after* "the date on which the judgment became final by conclusion
2    of direct review or the expiration of the time for seeking such review." 28 U.S.C. §
3    2244(d)(1)(A). As for the period after his judgment of conviction became final,
4    Petitioner has not alleged or shown that this is a rare instance where he is entitled to
5    more time due to a state-created impediment because he has not alleged nor shown that
6    a state-created impediment kept him from constructively filing his state habeas
7    petitions or pending Petition, or that a state-created impediment continually prevented
8    him from doing the same until October 6, 2008, the date he constructively filed his
9    pending Petition.

10            **2.    Newly Recognized Constitutional Right**

11           AEDPA provides that, if a claim is based upon a constitutional right that is
12    newly recognized and applied retroactively to habeas cases by the United States
13    Supreme Court, the one-year limitation period begins to run on the date which the new
14    right was initially recognized by the United States Supreme Court. 28 U.S.C. §
15    2244(d)(1)(C).

16           Petitioner's sole sentencing error claim in his Petition, attached Memorandum,
17    and OSC Response is premised on the United States Supreme Court decision in
18    *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 868 (2007). (Pet. 5; Memo.
19    1-5[4], OSC Resp. 2-3, 8-12.) Specifically, Petitioner principally argues that in light of
20    *Cunningham*, which invalidated California's Determinate Sentencing Law ("DSL"),
21    the trial court's imposition of the upper and consecutive terms sentence based upon
22    aggravating factors that were neither found by the jury nor admitted by Petitioner
23    violated his Sixth Amendment rights to a jury trial and to be found guilty by proof
24    beyond a reasonable doubt as construed by *Apprendi v. New Jersey*, 530 U.S. 466, 120
25
26
        ───────────────
27           [4]    Petitioner failed to consecutively number each page of the Memorandum
        in the manner required by Local Rule 11-3.3 and 11.5.2. Consequently, for ease of
28      reference, the Court has consecutively numbered each page of the Memorandum.

1  S. Ct. 2348 (2000) and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).

2  (*Id.*)

3        Petitioner's reliance on *Cunningham* is misplaced for several reasons. First, the

4  Ninth Circuit recently found that *Cunningham* "did not announce a new rule of

5  constitutional law." *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008); *see also*

6  *Wright v. Dexter*, --- F.3d ---, No. 08-73272, 2008 WL 4558410, at, *1 (9th Cir. Oct.

7  14, 2008). More specifically, *Cunningham* "simply applied the rule of *Blakely*" to

8  California's DSL and its result was dictated by *Apprendi* and *Blakely*. *Butler*, 528

9  F.3d at 634-39.

10        Second, *Apprendi* and *Blakely* are not retroactive to convictions or sentences

11  that became final before these decisions were issued. *See Rees v. Hill*, 286 F.3d 1103,

12  1104 (9th Cir. 2002) (holding the Supreme Court has not made *Apprendi* retroactive

13  on collateral review); *Schardt v. Payne*, 414 F.3d 1025, 1033-34, 1038 (9th Cir. 2005)

14  (holding *Blakely* does not apply retroactively to a conviction that was final before

15  *Blakely* was decided); *Cook v. United States*, 386 F.3d 949, 950 (9th Cir. 2004) ("the

16  Supreme Court has not made *Blakely* retroactive to cases on collateral review."). As

17  noted above, Petitioner's conviction and sentence became final for purposes of direct

18  review on August 30, 2002. Consequently, Petitioner's judgment became final after

19  *Apprendi* was decided on June 26, 2000 and before *Blakely* was decided on June 24,

20  2004. To the extent Petitioner's sentencing error claims are based upon *Apprendi* and

21  *Blakely* as a newly recognized Constitutional right, the claims are time-barred because,

22  regardless of whether the claims are based upon *Apprendi* or *Blakely*, the claims were

23  raised in a petition that was filed at least four years after these cases were decided. 28

24  U.S.C. § 2244(d)(1)(C) (the one-year limitation period begins to run on the date which

25  the new right was initially recognized by the United States Supreme Court.)

26  Accordingly, Petitioner is not entitled to relief under this provision.

27  ///

28  ///

### 3.   Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  In his OSC Response, Petitioner's primary contention under this provision is he did not discover the factual predicate of his sole sentencing error claim until "2005 [when] Petitioner found the case *Blakely* [and] *Apprendi* . . . and *Cunningham* [in] January 2007" (OSC Resp. 2-3.)  Petitioner's contentions are unpersuasive and lack merit for the same or similar reasons as discussed above under provision 28 U.S.C. § 2244(d)(1)(C).  (*See supra* Section II.D.2.)  Regardless, Petitioner still waited at least two years to file his first state habeas petition in the superior court and three years to file his pending Petition after he allegedly discovered "the factual predicate" of the case holdings in *Blakely* and *Apprendi*, and at least seven months after he discovered the holding in *Cunningham* to determine that his constitutional rights were violated based on a sentencing error claim.  Although Petitioner insists that he began filing state habeas petitions in 2007 after he discovered the *Cunningham* decision, those petitions only have a bearing on AEDPA's statute of limitations if they qualify for statutory tolling. As discussed in detail above, they do not.  Petitioner has not shown he is entitled to relief under this provision despite having had an opportunity to do so.

### E.   Equitable Tolling

As a prefatory matter, the Court observes there is no clearly established federal law that expressly holds equitable tolling is available under § 2244(d)(1), and the Supreme Court has recently acknowledged this point. *Lawrence v. Florida*, 549 U.S. 327, 127 S. Ct. 1079, 1085 (2007) ("We have not decided whether § 2244(d) allows for equitable tolling. [ ] Because the parties agree that equitable tolling is available, we assume without deciding that it is.").

"Generally, a litigant seeking equitable tolling bears the burden of establishing

1   two elements: (1) that he has been pursuing his rights diligently, and (2) that some
2   extraordinary circumstance stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408,
3   418, 125 S. Ct. 1807 (2005). A petitioner bears the burden of alleging facts that would
4   give rise to tolling. *Id.*; *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The
5   Ninth Circuit has emphasized that determinations of "whether there are grounds for
6   equitable tolling are highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146,
7   1148 (9th Cir. 2000) (en banc). "[E]quitable tolling is justified in few cases," and "the
8   threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the
9   exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).
10          By way of his OSC Response, Petitioner principally alleges he should be
11  entitled to equitable tolling from the date his habeas petition in the superior court was
12  filed on August 29, 2007, to the date he constructively filed the pending Petition on
13  October 6, 2008, because of his lack of legal training, legal representation, education,
14  and/or restrictions on meaningful law library access due to prison lockdowns and
15  administrative segregation. (OSC Resp. 3, 11.) Petitioner asserts a fellow inmate
16  helped him file his state habeas petitions and the pending federal Petition because of
17  his "untrained skills in the law or how to file an appeal . . . [and] being locked down
18  . . . and [in] [a]dministrative [s]egregation." (OSC Resp. 3:5-20.) As the ensuing
19  analysis demonstrates, Petitioner's asserted grounds fail to satisfy the *Pace* elements
20  for equitable tolling.

21          **1.    Lack of Legal Training, Representation, and/or Education**

22          In the Ninth Circuit, it is well-settled that neither the lack of assistance nor
23  ignorance of the law qualify as extraordinary circumstances warranting equitable
24  tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se
25  petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance
26  warranting equitable tolling" of AEDPA's limitation period); *Ekenberg v. Lewis*, No.
27  C 98-1450 FMS (PR), 1999 WL 13720, *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of
28  the law and lack of legal assistance do not constitute such extraordinary

circumstances."); *Bolds v. Newland*, No. C 97-2103 VRW (PR), 1997 WL 732529, *2 (N.D. Cal. Nov. 12, 1997) (same); *see also Hinton v. Pac. Enter.*, 5 F.3d 391, 396-97 (9th Cir. 1993) (mere ignorance of the law generally is an insufficient basis to equitably toll the running of an applicable statute of limitations); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (neither "lack of knowledge of applicable filing deadlines," nor "unfamiliarity with the legal process," nor "lack of representation during the applicable filing period," nor "illiteracy," provides a basis for equitable tolling); *cf. Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (holding pre-AEDPA that illiteracy of *pro se* prisoner is insufficient to meet standard of an objective, external factor amounting to "cause" for purposes of avoiding procedural bar on habeas claims).

As noted above, in his OSC Response, Petitioner asserted a fellow inmate helped him filed the state and federal habeas petitions. This argument is unpersuasive because regardless of *how* Petitioner managed to file all four habeas petitions on state collateral review and federal habeas review, the fact is he *did* accomplish these things. He failed to explain why the fellow inmate, who ostensibly provided valuable aid to him could not have done so while the statute of limitations was running instead of over five years after it expired.   Accordingly, Petitioner's conclusory and ambiguous contentions are insufficient to warrant equitable tolling. *See Allen v. Lewis*, 255 F.3d 798, 800-01 (9th Cir. 2001) ("at the very least, the prisoner must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness").

**2.     Inadequate Law Library Access**

While Petitioner worked in the prison law library, he complains there were times he "was not able to go to work in the library so his diligence was delayed due to . . . being locked down . . . and [in] [a]dministrative [s]egregation." (OSC Resp. 3:5-20.)  This argument lacks merit for three reasons.

First, aside from his perfunctory, unsupported allegations, Petitioner has failed

1   to explain why he could not have filed a timely state habeas petition or federal habeas
2   petition during the times he was working and had direct access to the  prison law
3   library. Second, Petitioner has failed to establish he was actually denied access to the
4   law library during the relevant period that he was unable to work in the library due to
5   lockdown or segregation in order to prepare and file his pending Petition.

6        Finally, the Court notes that the Ninth Circuit has determined that such
7   restrictions do not generally qualify as an "extraordinary circumstance" sufficient to
8   equitably toll the statute of limitations for federal habeas petitions. *See Frye v.*
9   *Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2002) (as amended) (holding that the lack of
10  access to library material does not automatically qualify as grounds for equitable
11  tolling); *Rosati v. Kernan*, 417 F. Supp. 2d 1128, 1132 (C.D. Cal. 2006); *Miller v.*
12  *Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (petitioner's alleged lack of access to law
13  library materials and resulting unawareness of the limitation period until it was too late
14  did not warrant equitable tolling); *Wilders v. Runnels*, No. C031478 CRB (PR), 2003
15  WL 22434102, *3 (N.D. Cal. 2003); *Atkins v. Harris*, No. C 98-3188 MJJ (PR), 1999
16  WL 13719, *2 (N.D. Cal. 1999).

17       Prison officials typically provide prison law libraries or legal assistants to
18  ensure that prisoners "have a reasonably adequate opportunity to file nonfrivolous
19  legal claims challenging their convictions or conditions of confinement." *Lewis v.*
20  *Casey*, 518 U.S. 343, 356, 116 S. Ct. 2174 (1996).  However, prison officials of
21  necessity must regulate the time, manner and place in which library facilities and legal
22  assistant programs are used. *See Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851,
23  858 (9th Cir. 1985).  Not surprisingly, lockdowns, placement in administrative
24  segregation/solitary confinement, and other common restrictions on access to the law
25  library and legal assistant programs, generally do not qualify as "extraordinary
26  circumstances." *Lindo v. Lefever*, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002).  There
27  is no due process violation so long as an inmate has the basic capability of presenting
28  his claims to the courts, irrespective of the "capability of turning pages in a law

1    library." *Lewis*, 518 U.S. at 356-57.   Here, Petitioner's vague and conclusory
2    contentions failed to show any causal link between his alleged inability to use the
3    library and access his materials due to prison lockdowns and administrative
4    segregation and his failure to file a timely federal habeas petition. *See Allen*, 255 F.3d
5    798, 800-01.

6          Petitioner's inadequate law library claim fundamentally ignores the clearly
7    established premise that "prison law libraries and legal assistance programs are not
8    ends in themselves, but only the means for ensuring a reasonably adequate opportunity
9    to present claimed violations of fundamental constitutional rights to the courts."
10   *Lewis*, 518 U.S. at 351.  "[M]eaningful access to the courts is the touchstone . . . and
11   the inmate therefore must go one step further and demonstrate that the alleged
12   shortcomings in the library or legal assistance program hindered [his] efforts to pursue
13   a legal claim." *Id.*

14         Based upon the foregoing, the Court finds Petitioner is not entitled to equitable
15   tolling because he has failed to satisfy either of the *Pace* elements.  Petitioner has
16   failed to meet his burden of showing he was reasonably diligent in pursuing federal
17   habeas relief throughout the time that AEDPA's limitation period was running; nor has
18   he shown that he was prevented from filing a timely petition because of extraordinary
19   circumstances.
20   ///
21   ///
22   ///
23
24
25
26
27
28

1

**O R D E R**

2        The Court finds the Petition must be dismissed because it is time-barred for the

3  reasons stated above and in the Court's OSC.  Further, by way of the OSC, the Court

4  finds Petitioner has already received notice and an opportunity to show cause why the

5  Petition should not be dismissed as time-barred.  ACCORDINGLY, IT IS HEREBY

6  ORDERED THAT the reference to the Magistrate Judge is vacated and the Petition

7  is dismissed with prejudice.  The Clerk is directed to enter judgment dismissing the

8  action with prejudice.  Any and all pending motions are terminated.

9

10  DATED: _Dec. 9_____, 2008

VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

12

Presented by:

13

14

Arthur Nakazato
15  United States Magistrate Judge

Page 14